IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAIN INJURY POLICY INSTITUTE, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>SANDRA SHEWRY,<br><br>  Defendant. | No. C 06-2973 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND AND REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT** |

On July 21, 2006, the Court heard oral argument on plaintiffs' motion for remand. After careful consideration of the parties' papers and the arguments of counsel, the Court hereby GRANTS plaintiffs' motion and REMANDS this case to the Superior Court for the County of San Francisco.

**BACKGROUND**

On March 17, 2006, plaintiffs Brain Injury Policy Institute ("BIPI"), Michael Mamot and Bruce Nelson filed an action in the Superior Court of the State of California for the County of San Francisco, against Sandra Shewry, Director of the California Department of Health Services, and the California Department of Health Services. Plaintiffs are challenging the State of California's exclusion of certain developmentally disabled Medi-Cal recipients from access to intermediate care facilities for the developmentally disabled ("ICF/DD"). Complaint ¶ 1. Prior to July 2000, the State allowed all developmentally disabled persons qualified under federal law to obtain access to ICF/DD facilities. *Id.* However, in July 2000, the State enacted Welfare and Institutions Code § 14132.92, which prohibits access to ICF/DD facilities for those people whose disabilities originated between the ages of 18 and 22 years of age, or those who only have a physical disability. *Id.* Said individuals are qualified for ICF/DD

services under federal Medicaid law. *Id.* The State's exclusion will prevent low-income individuals who are qualified under federal, but not state, Medicaid coverage from obtaining "specialized treatment services in ICF/DD facilities." *Id.* ¶ 2.

Plaintiffs allege that the exclusion violates federal Medicaid law, which requires ICF/DD services to be available to qualified individuals who have specified disabilities beginning before age 22. *Id.* ¶ 2. *See* 42 U.S.C. §§ 1396d(a)(15); 1396(d); 42 C.F.R. § 440.150. Plaintiffs additionally allege that the State law violates 42 U.S.C. § 1396a(a)(10)(B)(i), which requires, "A State plan for medical assistance must . . . provide . . . that the medical assistance made available to any individual . . . (I) shall not be less in amount, duration, or scope than the medical assistance made available to any other such individual. . . ." Complaint ¶ 2.

Plaintiffs brought suit as representatives of the public interest under California Code of Civil Procedure § 1085, which authorizes beneficially interested persons to seek a writ of mandate to compel the State to comply with its duties. Complaint ¶ 3. Plaintiffs Mamot and Nelson also brought suit as taxpayers under California Code of Civil Procedure § 526a to seek an injunction against the State. *Id.* The complaint does not allege that plaintiffs have suffered any direct injury as a result of the statute, but instead alleges that plaintiffs have a "beneficial interest" in securing access to ICF/DD facilities for all eligible individuals. *Id.* ¶ 4. Plaintiff BIPI is a nonprofit corporation, without membership, that performs "systems advocacy" for brain-injured individuals. *Id.* Plaintiff Mamot is a citizen and taxpayer of California. *Id.* ¶ 5. He is also the Executive Director of Central Coast Neurobehavior, Inc., dba OPTIONS, which provides treatment and support services to individuals with cognitive disabilities. *Id.* Plaintiff Nelson is a citizen and taxpayer of California and is an advocate for individuals with traumatic brain injuries. *Id.* ¶ 6. Mamot and Nelson bring suit only in their capacities as beneficially interested parties and as citizens and taxpayers of California. *Id.* ¶ 9.

On May 3, 2006, defendants removed this action pursuant to 28 U.S.C. § 1441(b), on the ground of federal question jurisdiction. On June 5, 2006, plaintiffs filed a motion for remand to state court.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had

original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The Court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

Standing is a threshold issue faced before reaching substantive matters. *See Stoianoff v. Montana*, 695 F.2d 1214, 1223-24 (9th Cir. 1983). Federal courts have the power and the duty to raise the issue of standing *sua sponte* and to dismiss the action if standing is wanting. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The constitutional standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The constitutional prerequisites for standing are (1) an injury in fact which is concrete and not conjectural; (2) a causal connection between the injury and defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The absence of any one element deprives a plaintiff of Article III standing and requires dismissal. *See Whitmore v. Federal Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995).

The burden of establishing constitutional standing rests with the party invoking federal jurisdiction. *See Lujan*, 504 U.S. at 561. Standing will not be found where speculative inferences are necessary to establish injury or a connection between the alleged injury and the act challenged. *See Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976); *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988). However, general factual allegations are presumed to embrace those specific facts that are necessary to support standing. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 869 (9th Cir. 2002).

3

## DISCUSSION

Plaintiffs seek an order remanding this action to state court based on their lack of Article III standing.[1] Plaintiffs argue that they only bring suit on behalf of the general public and as taxpayers, and that the complaint does not allege injury to any of the plaintiffs. In response, defendants contend that all plaintiffs alleged an injury in fact when they alleged having a "beneficial interest" at stake in the case. In addition, defendants argue that plaintiff Mamot has Article III standing because he works for an organization that would be financially injured by the California statute in question.

The Court concludes that plaintiffs lack Article III standing, and that this case should be remanded. The complaint does not allege any injury to BIPI or any of the individual plaintiffs, and instead expressly alleges that each plaintiff brings suit on behalf of the general public and/or as a taxpayer. Notably, BIPI is not a membership organization, and thus complaint does not – and could not – allege any injury to anyone in a membership capacity. Although Mamot could have filed suit in his capacity as the Executive Director of OPTIONS, he did not, and instead filed suit only in his individual capacity as a citizen and taxpayer. Complaint ¶¶ 5-9.

The Court finds instructive *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947 (C.D. Cal. 1999). In *Toxic Injuries Corp.*, the plaintiff was a "California public benefit corporation whose charitable purposes include the identification, prevention and treatment of toxic injuries." *Id.* at 949. The plaintiff sued defendant corporations in state court for violations of the Safe Drinking Water and Toxic Enforcement Act and of the Unfair Competition Act. *Id.* The defendants removed the action and the plaintiff moved for remand to state court. *Id.* at 950. The plaintiff did not allege any injury to its members and did not bring the action to vindicate the rights of its members, but instead asserted the rights of the general public. *Id.* at 953. The court held that the plaintiff lacked Article III standing because allegations that individuals exposed to toxins had an increased risk of developing future illnesses did not meet the requirement of injury in fact, and the plaintiff's action rested solely on the legal rights or interests of third parties. *Id.* at 952-53. The court also concluded that the plaintiff did not have associational standing to sue on behalf an injured group because the action had been instead

---

[1] Plaintiffs do not move on the basis of federal question jurisdiction.

4

brought on behalf of the general public:

> Plaintiff claims no interest different from that held by the public at large and no actual injury to any members of its organization . . . The Complaint in this case provides no basis for finding that Plaintiff has standing in federal court. Defendant, as the party invoking this Court's jurisdiction, has not established otherwise.

*Id.* at 956-57; *see also Langford v. Gates*, 610 F. Supp. 120, 121-22 (C.D. Cal. 1985) ("Since the taxpayer plaintiffs have failed to establish a 'nexus' between their status as taxpayers and the claim sought to be adjudicated sufficient to assure a personal stake in the outcome of the litigation to satisfy the Article III 'case or controversy' requirement, they lack standing to challenge the LAPD's spending for the purposes alleged.").

Defendants rely on *Associated Builders & Contractors v. San Francisco Airports Com*, 21 Cal. 4th 352 (1999), to argue that a "beneficial interest" is tantamount to Article III standing. However, while it may generally be true that one who has standing to seek a writ of mandate also has Article III standing, the two types of standing are not always equivalent. *See Green v. Obledo*, 29 Cal. 3d 126, 144 (1981) ("[T]his court [has] recognized an exception to the general rule 'where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the relator need not show that he has any legal or special interest in the result, since it is sufficient that he is interested as a citizen in having the laws executed and the duty in question enforced.'").

Although it appears that plaintiffs could have alleged injury sufficient to confer Article III standing, plaintiffs' complaint is devoid of any such allegations, and they instead chose to sue on behalf of the general public or as taxpayers. The Court finds it appropriate to limit its review on standing to the face of the complaint. *See generally California Consumers v. BMG,* 1997 U.S. Dist. LEXIS 20658 (N.D. Cal. Dec. 22, 1997) (remanding case for lack of standing based on allegations in complaint and stating "it would be unwise for a court to assume that a plaintiff has a sufficient personal stake in the outcome of a case just because the defendant says so"); *see also Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809, 817-18 (N.D. Cal. 1991).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs'

motion for remand, and REMANDS this case to the Superior Court for the County of San Francisco. (Docket No. 7).

**IT IS SO ORDERED.**

Dated: July 31, 2006

SUSAN ILLSTON
United States District Judge